1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VICTOR ROBERTS,

                  Petitioner,

     v.

CHRISTIAN PFEIFFER,

                Respondent.

Case No. 2:22-cv-00669-FWS-MAR

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [21]**

## I.      Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's Report and Recommendation issued on October 4, 2022 (the "Report and Recommendation"), (Dkt. 21), regarding the Petition for Writ of Habeas Corpus by a Person In State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), (Dkt. 1), filed by Petitioner Victor Roberts ("Petitioner").  Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.

On January 28, 2022, Petitioner filed the Petition.  (Dkt. 1.)  In summary, the Petition alleges the following: (1) "The trial court denied petitioner Due Process and to present a defense in denying cross-examination re: [P]etitioner's statement to Perkins[1] agent," ("Claim One"); (2) "The Court of Appeal denied petitioner due process in conducting a harmless error analysis under state law, and not Chapman,"[2] ("Claim Two"); (3) "There is insufficient evidence to support the gang enhancement," ("Claim Three"); and (4) "The trial court denied petitioner Due Process at Sentencing," ("Claim Four").  (*Id*. at 5-6.)  On May 26, 2022, Respondent Christian Pfeiffer ("Respondent") filed an Answer (the "Answer") to the Petition.  (Dkt. 14.)  On August 1, 2022, Petitioner filed a Reply to the Answer.  (Dkt. 19.)

On October 4, 2022, the Magistrate Judge issued the Report and Recommendation.  (Dkt. 21.)  On November 10, 2022, Respondent filed Objections to the Report and Recommendation ("Respondent's Objections").  (Dkt. 24.)  On November 28, 2022, Petitioner filed a Reply to Respondent's Objections ("Petitioner's Reply to Objections").  (Dkt. 25.)

---

[1] Referring to the United States Supreme Court case *Illinois v. Perkins*, 496 U.S. 292 (1990).

[2] Referring to the United States Supreme Court case *Chapman v. California*, 386 U.S. 18  (1967).

## II.    Analysis

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").  Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Where no objection has been made, arguments challenging a finding are deemed waived.  *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge."  *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, in summary, the Magistrate Judge recommended the following: (1) "DENYING the Petition;" (3) "DISMISSING this action with prejudice;" and (4) "GRANTING a Certificate of Appealability as to

1    Claim One and Two."[3]  (Dkt. 21 at 23-24.)  In Respondent's Objections, Respondent

2    requests that the court "reject the Magistrate Judge's recommendation that a certificate

3    of appealability be granted as to Claims One and Two, and otherwise adopt the

4    conclusions and findings contained in the Report and Recommendation." (Dkt. 24 at

5    7.)  In the Petitioner's Reply to Objections, "Petitioner submits that the Respondent's

6    [O]bjections be rejected, that Claims One and Two be granted, alternatively, that the

7    Certificate of Appea[l]bility be granted as to those claims as recommended by the

8    Honorable Magistrate Judge."  (Dkt. 25 at 6.)

9         "As mandated by federal statute, a state prisoner seeking a writ of habeas

10   corpus has no absolute entitlement to appeal a district court's denial of his petition."

11   *Miller-El v. Cockrell*, 537 U.S. 322, 335–36, (2003).  Instead, "[b]efore an appeal may

12   be entertained, a prisoner who was denied habeas relief in the district court must first

13   seek and obtain a COA from a circuit justice or judge."  *Id.*  The Antiterrorism and

14   Effective Death Penalty Act "authorizes a certificate of appealability 'if the applicant

15   has made a substantial showing of the denial of a constitutional right.'"  *Sassounian v.*

16   *Roe*, 230 F.3d 1097, 1101 (9th Cir. 2000) (citing to 28 U.S.C. § 2253); *see also Slack*

17   *v. McDaniel*, 529 U.S. 473, 483–84 (2000) (stating "[t]o obtain a COA under §

18   2253(c), a habeas prisoner must make a substantial showing of the denial of a

19   constitutional right").  In *Martinez v. Shinn*, the Ninth Circuit described the standard

20   for the issuance of a certificate of appealability:

21

22        The COA inquiry is a threshold inquiry that "is not coextensive with a
          merits analysis."  *Buck v. Davis*, —— U.S. ——, 137 S. Ct. 759, 773, 197
23        L. Ed. 2d 1 (2017).  At the COA stage, we ask "only if the District Court's
          decision was debatable."  *Id.* at 774 (quoting *Miller-El v. Cockrell*, 537
24        U.S. 322, 327, 348, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)).  To meet
25

26    _____

27    [3] In the remaining portion of the Order, a certificate of appealability may also be
      referred to by "COA."  However, to avoid confusion, the initials COA are not being
28    utilized in this Order to refer to "Court of Appeal."

1
2
3
4
5

> this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and brackets omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

6
7
8

*Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022), *cert. denied*, No. 22-5736, 2023 WL 124131 (U.S. Jan. 9, 2023).

9
10
11
12
13
14
15
16
17

In this case, after conducting a *de novo* review of the issues presented in Respondent's Objections and Petitioner's Reply to Objections (collectively, the "Objection Documents") on their respective merits with regard to the Report and Recommendation, the Court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendation to issue a certificate of appealability on Claim One and Claim Two. Accordingly, Respondent's Objections requesting the court to reject issuing a COA on Claim One and Claim Two are **OVERRULED** on their merits, and Petitioner's request to grant Claim One and Claim Two of the Petition is **DENIED**.

18
19
20
21
22
23

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Petition, the Objection Documents, and the other records of the case. After conducting a *de novo* determination of the portions of the Report and Recommendation to which the Objection Documents pertain, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

24
25

/ / /

26
27

/ / /

28

### III.    Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.  Accordingly, the Court **ORDERS** the following:

(1)    The Petition is **DENIED**;

(2)    This action, including Claim One, Claim Two, Claim Three, and Claim Four, are **DISMISSED WITH PREJUDICE**.

(3)    A Certificate of Appealability is **GRANTED** as to Claim One and Claim Two.

(4)    A Certificate of Appealability is **DENIED** as to Claim Three and Claim Four.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 20, 2023

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE